Filed 9/21/23  P. v. Landeros CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081198 |
| v. | (Super.Ct.No. FSB1303116) |
| ANDREW LORENZO LANDEROS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Andrew Lorenzo Landeros, in pro. per.; and James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Andrew Lorenzo Landeros appeals the denial of his petition for resentencing under newly renumbered section 1172.75. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Landeros filed his own supplemental brief. We affirm.

## BACKGROUND

In September 2015 Landeros pled guilty to first degree residential robbery (Pen. Code, § 211),[1] first degree burglary (§ 459) and street terrorism. (§ 186.22, subd. (a).) He also admitted to an enhancement alleging he personally used a firearm in carrying out the robbery. (§ 12022.53, subd. (b).) The trial court imposed a total term of 18 years composed of six years for the robbery, 16 months for the burglary, eight months for street terrorism, and 10 years for the firearm enhancement.

In November 2022, Landeros filed a petition for resentencing under former sections 1171 and 1171.1, alleging his sentence contained a one-year enhancement imposed under section 667.5, subdivision (b). The trial court denied Landeros's petition in April 2023 after finding he was not eligible for resentencing under either statute. Landeros filed his appeal—styled a " 'Motion.' Reconsideration for Denial of 'Petition for Resentencing' Pursuant to Senate Bill 483"—in May 2023.

---

[1] Unlabeled statutory citations refer to the Penal Code.

ANALYSIS

On Landeros's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us Landeros's appeal presented no arguable issues, we offered Landeros an opportunity to file a personal supplemental brief, and he has done so.

Landeros argues that he is entitled to resentencing under Senate Bill No. 483. In 2022, Senate Bill No. 483 added section 1171.1 to the Penal Code, later re-numbered to section 1172.75. This section says, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

3

Landeros's sentence does not include any enhancements imposed under section 667.5, subdivision (b).  Therefore, he is not entitled to resentencing under section 1172.75.[3]

DISPOSITION

We affirm the order denying Landeros's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:


McKINSTER _____
          Acting P. J.


MILLER _____
          J.

---

[3] Landeros makes a number of additional arguments regarding his entitlement to resentencing on the firearm use enhancement.  Because he brought his petition under section 1172.75, which does not apply to firearm use enhancements, we need not and do not address these additional arguments.